[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11731

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT DUNN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cr-80085-RKA-1

_____

Before JORDAN, ROSENBAUM, and HULL, Circuit Judges.

HULL, Circuit Judge:

After entering a conditional guilty plea, Defendant Robert Dunn appeals his convictions on four counts related to child pornography. At the start of the COVID-19 global pandemic, Dunn was arrested on a criminal complaint on March 10, 2020. Thereafter, the district court in the Southern District of Florida entered a series of pandemic-related administrative orders that, *inter alia*, continued grand jury sessions five times in the ends of justice spanning March 26, 2020, to November 16, 2020. Due to the pandemic, a grand jury did not formally indict Dunn until December 1, 2020.

On appeal, Dunn argues that the district court erred in denying his motion to dismiss his indictment for failure to indict him within thirty days from his arrest, as required by the Speedy Trial Act, 18 U.S.C. § 3161(b). Dunn does not challenge the time between indictment and his guilty plea, but only between his arrest on March 10 and grand jury indictment on December 1, 2020. After careful review of the record and briefs, and with the benefit of oral argument, we conclude that the pandemic-related continuances in 2020 were not an abuse of discretion and were within the ends-of-justice exception to the Speedy Trial Act. We affirm the denial of Dunn's motion to dismiss his indictment.

## I. FACTUAL BACKGROUND

### A. Arrest at Start of COVID-19 Pandemic

On March 10, 2020, federal agents arrested Dunn on a criminal complaint charging he had received and possessed child

pornography, in violation of 18 U.S.C. § 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2).  The same day, Dunn pled not guilty, and a federal defender was appointed to represent him.  His arraignment was set for March 24.

The next day, on March 11, the World Health Organization declared the COVID-19 outbreak a global pandemic.  On March 13, the President of the United States declared a national emergency.  *See* Proclamation No. 9994, 85 Fed. Reg. 15337, 15337 (Mar. 13, 2020).

**B.  First Pandemic Administrative Order on March 13**

On March 13, 2020, then-Chief Judge K. Michael Moore of the Southern District of Florida entered Administrative Order 2020-18, the first of many responding to the COVID-19 pandemic.

Administrative Order 2020-18 found that "the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the coronavirus and COVID-19 and slow the spread of disease."  The order stated it (1) was issued "in order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary travel"; (2) continued jury trials until March 30, 2020; and (3) continued until further order any trial-specific deadlines in criminal cases scheduled to begin before March 30, 2020 (the "pandemic order").

The March 13 pandemic order also provided that criminal matters before magistrate judges shall continue and that grand juries shall continue to meet pending further order of the court.

The pandemic order permitted individual judges presiding over criminal proceedings to "take such actions consistent with this order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties."

The pandemic order also provided that the time period of the continuances between March 16 and 30, 2020, were excluded from the speedy trial clock under the Speedy Trial Act's ends-of-justice exception in 18 U.S.C. § 3161(h)(7)(A).

## C.  First Magistrate Judge Continuance in Dunn's Case from March 16 to April 6

After consulting with Dunn's counsel, the government filed an unopposed motion to continue Dunn's arraignment until April 6, 2020.  The March 16 motion stated that "[d]ue to the unforeseen nature of the global coronavirus pandemic, the government and its agents will not be able to prepare properly for Grand Jury, or confirm that a quorum for Grand Jury will be available, such that an Indictment is returned before the arraignment set for March 24, 2020."  Citing 18 U.S.C. § 3161(h)(7)(A), the motion represented that the parties agreed "that the ends of justice are served by continuing the arraignment and outweigh the best interests of the public and the defendant in a speedy trial."

The same day, a magistrate judge granted the government's continuance motion in Dunn's specific case and set Dunn's arraignment to April 6.  The magistrate judge's March 16 pandemic order stated: (1) "[i]n light of the current public health emergency, the interests of justice require the Court to take additional steps to

protect the health and safety of parties, counsel, and court staff"; and (2) they also "require that steps be taken to ensure that counsel and clients (particularly incarcerated clients) have meaningful consultation."

The magistrate judge's order expressly referenced the Chief Judge's Administrative Order 2020-18, which also addressed the COVID-19 pandemic and need to reduce public gatherings and the spread of the disease. It noted that Administrative Order 2020-18 allowed individual judges presiding over criminal matters to take such action consistent with that order and "as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties." The magistrate judge's order excluded the time from March 16 to April 6 under the Speedy Trial Act, finding the "ends of justice" were served by the continuance and outweighed the interests of the parties and the public in a speedy trial.[1]

## D.  Second Criminal Complaint

On March 19, the government filed a second criminal complaint adding charges of: (1) conspiracy to produce and production of child pornography, in violation of 18 U.S.C. § 2251(a); and (2) a felony involving a minor committed by a sex offender, in violation of 18 U.S.C. § 2260A. On March 20, Dunn's arraignment was set for April 6.

---

[1] The order also reset Dunn's detention hearing to March 18, 2020. After his March 18 detention hearing, Dunn was ordered detained.

### E.  Second Pandemic Administrative Order on March 20

On March 20, Chief Judge Moore entered Administrative Order 2020-21.  This second administrative pandemic order was issued in conjunction with Administrative Order 2020-18, the first pandemic order, and, among other things, continued jury trials until April 27, 2020.

Administrative Order 2020-21 again allowed individual judges to enter continuances in criminal proceedings and excluded time periods for such continuances under the Speedy Trial Act's ends-of-justice exception.  It also incorporated by reference its ends-of-justice determination and the "period of exclusion" in Administrative Order 2020-18 "as specific finding[s] pursuant to 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies."

### F.  Grand Jury Sessions Continued From March 26 to April 27

Six days later, on March 26, Chief Judge Moore entered Administrative Order 2020-22, which expressly stated that it was issued in conjunction with Administrative Order 2020-18 and Administrative Order 2020-21, the first and second pandemic orders.  This time, Administrative Order 2020-22 *continued all grand jury sessions* until April 27 and excluded the time period from March 16 to April 27 from the speedy trial clock under the ends-of-justice exception "pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iii)."

Among other things, the March 26 pandemic order: (1) found that "the ends of justice served by taking this action outweigh the interests of the parties and the public in a speedy trial

22-11731                 Opinion of the Court                  7

*because the continuance of grand jury sessions in this district renders it unreasonable to expect the return and filing of an indictment within the period set forth in 18 U.S.C. § 3161(b)*"; and (2) incorporated by reference the order and the period of exclusion "as a specific finding pursuant to 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies," citing *Zedner v. United States*, 547 U.S. 489, 506-07 (2006). (Emphasis added.)

## G. Four Subsequent Administrative Orders Collectively Continued Grand Jury Sessions Through November 16

Subsequent Administrative Orders, entered in April, May, June and August 2020 contained substantially the same language as Administrative Order 2020-22. These Administrative Orders extended the continuance of grand jury sessions and excluded the continuance period from the speedy trial clock based on an ends-of-justice finding.

Each Administrative Order included express references to the first pandemic order in Administrative Order 2020-18 and each successive Administrative Order related to the pandemic. Each Administrative Order also stated that it was acting "pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iii)" and found that the ends of justice outweighed the parties' and the public's interest in a speedy trial "because the continuance of grand jury sessions in this district render[ed] it unreasonable to expect the return and filing of an indictment within the period set forth in 18 U.S.C. § 3161(b)." Each Administrative Order also incorporated by reference the periods of

exclusion in the prior Administrative Orders as a specific finding in each pending case where the Speedy Trial Act applied.

As a result of these pandemic-related Administrative Orders, no grand jury sessions occurred in the Southern District of Florida between March 26, 2020, and November 16, 2020.

## H.    Magistrate Judges Periodically Continue Dunn's Arraignment

Meanwhile, after Chief Judge Moore continued all grand jury sessions, individual magistrate judges presiding over Dunn's criminal proceedings continued his arraignment several times.

The first, 45-day continuance—from April 6 to April 27—was based on the government's unopposed motion filed on March 30, 2020.  The government's motion cited Administrative Order 2020-22 "formally cancelling" grand jury sessions until April 27 and stated that "the Government is unable to Indict the above-entitled case prior to the currently scheduled arraignment date of April 6, 2020, nor at least until April 27, 2020."   The government represented that the parties agreed that: (1) the ends of justice were served by continuing arraignment and outweighed the interest of the public and the defendant in a speedy trial; (2) Dunn's arraignment and preliminary hearing should be reset for May 21; and (3) the "time should be excluded from the speedy trial period in this case."

On March 31, 2020, a magistrate judge granted the government's motion and reset Dunn's arraignment and preliminary hearing for May 21 as requested.  The magistrate judge

found that the continuance period of April 6 to May 21 was "speedy trial excludable in that the ends of justice are served by continuing the preliminary hearing/arraignment and outweigh the best interests of the public and the defendant in a speedy trial."

Dunn's preliminary hearing was held by videoconference on May 20.[2]    The magistrate judge concluded the government established probable cause as to the offenses set forth in the two complaints.  However, because there still was no grand jury in session and thus no indictment, Dunn was not arraigned at that time.  During the hearing, the prosecutor advised that: (1) he was "waiting for the grand jury to reopen" to seek an indictment; and (2) he discussed with Dunn's defense counsel about "possibly proceeding on an information pending a grand jury" but remained "in a holding pattern."

The magistrate judge responded that Dunn had a right to wait and have the case presented to a grand jury when it reconvened.  The magistrate judge entered an order excluding the time from May 20 to July 6 under the Speedy Trial Act "[p]ursuant to Administrative Order 2020-24," which was the most recent Administrative Order continuing grand jury sessions to July 6, 2020 due to the pandemic.

On July 6, a magistrate judge held a status conference via videoconference regarding Dunn's arraignment.  The magistrate

---

[2] The preliminary hearing was moved from May 21 to May 20 due to "the current schedule of availability to see defendants by videoconference."

judge noted that "we still have the COVID-19 pandemic increasing situation," and asked, "where are we on this?"  The prosecutor agreed to provide Dunn discovery, advised he planned to seek an indictment as soon as grand jury sessions resumed, and recommended resetting arraignment for one week "after the current October resetting."

The magistrate judge acknowledged the most recent, pandemic-related Administrative Order 2020-41 that continued grand jury sessions until October 13, 2020, and excluded that time from the speedy trial clock.  With the parties' agreement, the magistrate judge concluded he would reset Dunn's arraignment for October 21, 2020, "pursuant to the CARES ACT and the administrative orders that have been entered, including 2020-41."

The magistrate judge found that it was "necessary in the interests of justice" to toll the speedy trial period due to the coronavirus pandemic and that the interests of justice "outweigh[] any interest of the Defendant or the public in a speedy trial."  The magistrate judge also confirmed that Dunn understood "grand juries are currently suspended" and were not expected to resume until "around October 13, 2020, if all goes well," at which time the government would be able to obtain an indictment.  Afterward, the magistrate judge reset Dunn's arraignment for October 21, 2020, and reiterated his ends-of-justice findings "as stated on the record."

On October 20, 2020, Dunn filed an unopposed motion to continue his arraignment for 90 days and to exclude that time from the speedy trial calculations.  Dunn's motion explained that his

arraignment was "periodically continued, because the coronavirus pandemic has prevented grand juries from convening in this district" and that "grand jury sessions have still not reconvened, and no indictment has been returned."

The next day, a magistrate judge granted Dunn's motion, reset his arraignment for January 20, 2021, as Dunn requested, and excluded the time period from October 20, 2020, to January 20, 2021, from the speedy trial calculations "because the ends of justice served by this delay outweigh the interests of the defendant and of the public in a speedy trial."

## I. Dunn's December 1 Indictment

On October 20, 2020, Chief Judge Moore issued Administrative Order 2020-76, which permitted limited grand jury sessions to resume on November 16, 2020. That Administrative Order stated that "[t]he U.S. Attorney's Office and Clerk of Court have advised that they can safely convene no more than two grand jury sessions per week starting that date."

On December 1, 2020, a grand jury indicted Dunn on five offenses: (1) conspiracy to produce child pornography, in violation of 18 U.S.C. § 2251 (a) and (e) (Count 1); (2) production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Count 2); (3) offense by a registered sex offender, in violation of 18 U.S.C. § 2260A (Count 3); (4) receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 4); and (5) possession of

child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count 5).[3]

In a thorough December 29, 2020 order, the district court set a trial date of April 12, 2021, and found the COVID-19 pandemic had made "jury trials unfeasible for the foreseeable future" because: (1) local jails were in "lock down"; (2) defense lawyers were unable "to meet with their clients, confer with the Government, or prepare their cases for trial"; and (3) "millions of Americans [had] to quarantine themselves in their homes" or "remove themselves only sparingly."

Given the COVID-19 pandemic, the district court found that: (1) under 18 U.S.C. § 3161(h)(7), "the ends of justice served by setting the trial date beyond the 70 days contemplated in the Speedy Trial Act outweigh the best interests of the public and the Defendant in a speedy trial"; (2) "under Section 3161(h)(7)(B)(i), failure to extend the trial period would result in a miscarriage of justice because a jury trial is unfeasible during this pandemic"; and (3) under § 3161(h)(7)(B)(v), "failure to extend the trial period would 'deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.'"[4]

---

[3] Dunn's indictment was obtained from the first available convened grand jury for the West Palm Beach division of the Southern District of Florida, where Dunn's case was lodged. Dunn was later arraigned.

[4] Before Dunn pled guilty, the district court entered two more trial orders that pushed back Dunn's trial date due to the pandemic and, after making similar

## J.  Motion to Dismiss the Indictment

On January 21, 2021, Dunn filed a motion to dismiss his indictment with prejudice based on the eight-month delay between his arrest on March 10 and his indictment on December 1, 2020. Dunn argued the delay violated the Speedy Trial Act's thirty-day time limit.  Dunn challenged various aspects of Chief Judge Moore's pandemic Administrative Orders and the magistrate judges' pandemic continuance orders.[5]  The government opposed Dunn's motion.

## K.  Denial of Dunn's Motion to Dismiss the Indictment

In a comprehensive October 1, 2020 order, the district court denied Dunn's motion to dismiss his indictment.  The district court found that the COVID-19 pandemic had killed hundreds of thousands of Americans, forced millions of others to quarantine in their homes, and disrupted grand jury operations.  The district court explained that grand jury proceedings had been "unfeasible"

---

findings, excluded that time under the Speedy Trial Act.  Dunn did not raise any speedy trial issue as to these three post-indictment continuances or preserve such an issue for appellate review as part of his conditional guilty plea.

[5] Dunn's motion also argued that the pre-indictment delay violated his Fifth and Sixth Amendment rights and that dismissal of his indictment was required by Federal Rule of Criminal Procedure 48.  However, Dunn did not preserve these issues for appeal as part of his conditional plea, and we do not address them.

under the circumstances and that the delay in indictment was necessary "to protect the public from a deadly disease."

The district court reviewed in detail the history of the above pandemic-related Administrative Orders and the magistrate judges' continuance orders in Dunn's specific case.

The district court pointed to its three trial orders extending Dunn's trial date and excluding that time from the speedy trial clock. The district court explained its view "that, as a practical matter, the Covid-19 pandemic made the process of empaneling juries (whether grand or petit) unfeasible and dangerous" and that its earlier findings guide its inquiry in ruling on Dunn's motion. The district court concluded that its findings, although made post-indictment, were "relevant to [its] analysis" because "they put [the court's] specific 'findings' about the feasibility of calling jurors" on the record by the time it ruled on Dunn's motion to dismiss, as required by the Supreme Court's decision in *Zedner v. United States*, 547 U.S. 489 (2006).

The district court concluded that "the district-wide orders in this case *did* include specific 'on-the-record findings' that, because of the raging pandemic, 'the ends of justice served by [the continuance] outweigh the interests of the parties and the public in a speedy trial'" that were "expressly applied . . . to every criminal case then pending in our District." And in any event, the magistrate judges who granted the various agreed-upon motions

to continue Dunn's arraignment also "made specific ends-of-justice findings *on the record*." (Footnote omitted.)[6]

The district court stated that a "review of those proceedings" left "no doubt about the magistrate judges' reasons for granting these continuances," noting they had cited the ongoing pandemic as the justification. Agreeing with the magistrate judges' assessments, the district court stated "the continuances were necessary to protect the health and safety of lawyers, jurors, and court staff. They were also an important way of protecting the rights of the accused—who, given the shutdowns at local jails, had no way of meeting (or adequately consulting) with their lawyers."

The district court observed that "21 separate ends-of-justice findings" had been made on the record in Dunn's case by different judges. The district court concluded these "ends of justice" findings were "plainly sufficient to satisfy the Speedy Trial Act" and to exclude from the speedy trial clock all the time between Dunn's

---

[6] While stating that Dunn could not prospectively waive application of the Speedy Trial Act, *see Zedner v. United States*, 547 U.S. 489 (2006), the district court noted that Dunn never objected to any of the magistrate judges' continuances or "suggested that [his defense counsel] acted improperly in seeking or consenting to the various continuances." Because the various Administrative Orders and magistrate judges' orders properly tolled the speedy trial clock during the COVID-19 pandemic, we need not discuss or evaluate Dunn's consent to any of them.

16                    Opinion of the Court                    22-11731

arrest and his indictment, except for the first six days, which no order had excluded.[7]

## J. Conditional Guilty Plea

In December 2021, Dunn pled guilty to Counts 1, 2, 4, and 5, in exchange for dismissal of Count 3, pursuant to a plea agreement. Dunn's plea was conditioned on his right to seek appellate review of only "the denial of his pro se motion to dismiss the indictment . . . as to his statutory speedy trial rights only and to no other issue in the order."

As part of the plea, Dunn signed a proffer of facts, which he stipulated the government could prove beyond a reasonable doubt. The factual proffer recounted that in September 2019, the Federal Bureau of Investigation ("FBI") began investigating Dunn after Google reported that accounts linked to Dunn were being used to store child pornography. Dunn, a registered sex offender, was convicted in 2014 of traveling to meet a parent to solicit/entice a child to commit a sex act and of attempted lewd or lascivious battery of a child. Search warrants returned from Google confirmed Google's cyber tips. The FBI then executed a search warrant at Dunn's Florida residence. Dunn's laptop contained dozens of images and at least eight videos of child sexual abuse.

---

[7] The district court ran the speedy trial clock from Dunn's March 10 arrest on the first criminal complaint containing only two of the four charges to which Dunn pled guilty. Because the parties do not contend the second criminal complaint containing the other two charges affected the speedy trial clock analysis, we do not address that issue.

Dunn admitted downloading and distributing child pornography over the internet. He also admitted to communicating with a woman named Tonya in Colorado and convincing her to take pictures of her performing oral sex on her six-year-old son and to send them to him.

The factual proffer further stated that after Dunn's arrest, the FBI arrested Tonya Bagley in Colorado. Through search warrants, the FBI found evidence that in November 2019 Dunn and Bagley entered into a "master-slave" relationship, and Dunn directed Bagley to take and send photographs of her performing oral sex on her six-year-old son via Facebook Messenger, which she did.

At the plea hearing, the district court accepted Dunn's conditional guilty plea. At sentencing, 93 victims were identified from 163 images of child pornography found on Dunn's laptop and cellphone. The district court imposed a total sentence of 600 months' imprisonment, followed by a lifetime of supervised release. Dunn was ordered to pay restitution to Bagley's six-year-old son and to five of the victims identified in the child pornography images.

## II.  GENERAL PRINCIPLES

### A.  Standard of Review

We review *de novo* the district court's denial of a motion to dismiss based on a violation of the Speedy Trial Act, and for clear error its factual determinations as to excludable time. *United States v. Ammar*, 842 F.3d 1203, 1208 (11th Cir. 2016). A district court's

decision to grant or deny an ends-of-justice continuance under the Speedy Trial Act is reviewed for an abuse of discretion. *United States v. Mathis*, 96 F.3d 1577, 1579 (11th Cir. 1996).

## B.  "Ends-of-Justice" Continuances Under the Speedy Trial Act

The Speedy Trial Act requires the government to file an indictment or information against a defendant within thirty days from the date on which the defendant was arrested or served with a summons in connection with the charges. 18 U.S.C. § 3161(b). "If the thirty-day time limit is not met, the Act entitles the defendant to the dismissal of the charges contained in the initial complaint." *United States v. Mathurin*, 690 F.3d 1236, 1239 (11th Cir. 2012); 18 U.S.C. § 3162(a)(1).

The Act, however, excludes certain "periods of delay" when computing the thirty-day time limit. 18 U.S.C. § 3161(h); *Zedner*, 547 U.S. at 497. One excluded period of delay is an "ends-of-justice continuance," which is governed by § 3161(h)(7). *Zedner*, 547 U.S. at 498.[8]

Specifically, § 3161(h)(7)(A) "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the

---

[8] When *Zedner* was decided in 2006, the Speedy Trial Act's provision excluding ends-of-justice continuances was found at § 3161(h)(8). *Zedner*, 547 U.S. at 498. In 2008, the Act was amended, and the provision was moved to § 3161(h)(7) but was otherwise unchanged. *Ammar*, 842 F.3d at 1206 n.2.

public's and defendant's interests in a speedy trial." *Id.* at 498-99; 18 U.S.C. § 3161(h)(7)(A). And § 3161(h)(7)(A) states that no such period of delay is excludable "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

In turn, § 3161(h)(7)(B) contains a non-exhaustive list of factors a court considers in granting the continuance. 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). These factors include whether: (1) the failure to grant the continuance "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice"; (2) the case is so unusual or complex that it is unreasonable to expect adequate preparation within the Speedy Trial Act's time limits; (3) "in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment" within the Speedy Trial Act's 30-day time limit; and (4) the failure to grant a continuance would deny the defendant "reasonable time to obtain counsel," would unreasonably deny either party "continuity of counsel," or would deny counsel for either party reasonable time "for effective preparation, taking into account the exercise of due diligence." *Id.*

Courts have broad discretion in weighing these factors. *United States v. Henry,* 698 F.2d 1172, 1174 (11th Cir. 1983).

### III.  DUNN'S CLAIMS

After Dunn's arrest on March 10, the speedy trial clock started running on March 11, 2020.  *See United States v. Skanes*, 17 F.3d 1352, 1353 (11th Cir. 1994) (holding the day the defendant is arrested is not counted for purposes of the Speedy Trial Act's thirty-day time limit).  If proper, the above ends-of-justice continuances tolled the speedy trial clock from March 16 up to Dunn's indictment on December 1, 2020, without interruption.  That results in no Speedy Trial Act violation.

On appeal, Dunn challenges these orders in several ways, which we address in turn.

### A.  Magistrate Judge's March 16, 2020, Continuance

Dunn argues that in his March 16, 2020, order, the magistrate judge abused his discretion in granting the government's very first motion to continue Dunn's arraignment until April 6, 2020.  Dunn contends the magistrate judge improperly accepted without further inquiry the government's representations that due to the pandemic it was unable (1) to prepare properly for the grand jury or (2) to ensure that a quorum of the grand jury would be present.  Dunn argues this "directly contradict[ed]" Administrative Order 2020-18, which directed grand jury sessions and arraignments to continue.

Contrary to Dunn's argument, nothing in Administrative Order 2020-18 precluded an individual magistrate judge from granting a short ends-of-justice continuance due to difficulties presented by the pandemic.  Instead, Administrative Order 2020-18

gave individual judges presiding over criminal proceedings the discretion to take "appropriate" additional actions "to ensure the fairness of the proceedings and preserve the rights of the parties."

Furthermore, the magistrate judge's continuance order cited Administrative Order 2020-18, noted that it gave him this discretion, and explained that the "public health emergency" required him to take "additional steps to protect the health and safety of the parties, counsel, and court staff" and to ensure that incarcerated defendants like Dunn were able to have meaningful consultation with their counsel.

And the unopposed motion was providently granted, given that within ten days, on March 26, Chief Judge Moore entered Administrative Order 2020-22, continuing all grand jury sessions in the Southern District until April 27, 2020, due to the pandemic. Under the circumstances, Dunn has not shown an abuse of discretion.

## B. Dunn's Speedy Trial Act Claim

Next, Dunn argues that neither Chief Judge Moore's pandemic-related Administrative Orders nor the magistrate judges' pandemic-related continuance orders made sufficient findings required by § 3161(h)(7) to exclude the time between March 16 and December 1, 2020, from the speedy trial clock in his case.

As already mentioned, the Speedy Trial Act "requires that when a district court grants an ends-of-justice continuance, it must set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice are served and they

outweigh other interests." *Zedner*, 547 U.S. at 506 (alteration adopted) (quotation marks omitted). If a district court does not make the required "on-the-record findings," then the period of the continuance cannot be excluded from the speedy trial clock. *Id.* at 507; *Ammar*, 842 F.3d at 1210.

As to Chief Judge Moore's Administrative Orders, Dunn argues that even in a pandemic, "all-inclusive blanket continuances" applied to every pending case in the district are not "case-specific" and therefore cannot satisfy § 3161(h)(7)'s requirements for purposes of the five continuances in his case. *See Zedner*, 547 U.S. at 499 (stating that the Speedy Trial Act's ends-of-justice provision "gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs").

The government points out that our sister circuits have held that the national public health emergency caused by the global COVID-19 pandemic provided sufficient justification for a district court's district-wide blanket order temporarily continuing jury trials during this pandemic and excluding that time under the Speedy Trial Act's ends-of-justice exception. *See United States v. Keith*, 61 F.4th 839, 844, 851 (10th Cir. 2023) (jury trials); *United States v. Leveke*, 38 F.4th 662, 670 (8th Cir. 2022) (same), *cert. denied*, 143 S. Ct. 286 (2022); *United States v. Olsen*, 21 F.4th 1036, 1049 (9th Cir. 2022) (same), *cert. denied*, 142 S. Ct. 2716 (2022); *United States v. Roush*, No. 21-3820, 2021 WL 6689969, *2 (6th Cir. Dec. 7, 2021) (same), *cert. denied*, 142 S. Ct. 1187 (2022).

In this regard, the Ninth Circuit has observed that the pandemic had the "same widespread effects on courts and parties alike," and "[i]n such unusual cases, a district court's specific findings may properly concern generally applicable circumstances." *See United States v. Orozco-Barron*, 72 F.4th 945, 956, 958 (9th Cir. 2023) ("In such instances, the reasons for granting the ends of justice continuance must still be based upon specific factual circumstances justified in the record, but need not be particularized to an individual defendant." (quotation marks omitted)).  The government argues that under the unique situation of the deadly 2020 COVID-19 pandemic, there was no need for additional orders by the magistrate judges in specific cases because the widespread pandemic applied to courts and parties alike.

In Dunn's case, however, we need not reach or decide the question of whether the district-wide Administrative Orders here were sufficient for ends-of-justice purposes under the Speedy Trial Act.  This is because the magistrate judges' continuances entered in Dunn's specific case were sufficient.

Here, the record establishes that all five magistrate judge continuances were granted due to health and safety concerns and restrictions arising from the COVID-19 pandemic.  The first, the March 16 order continuing Dunn's arraignment from March 24 to April 6, was entered just days after the global pandemic was declared a national emergency.  The order explained that because of "the current public health emergency" the continuance was required "to protect the health and safety of parties, counsel, and

court staff" and "to ensure that . . . clients (particularly incarcerated clients)," like Dunn, "have meaningful consultation." The order cited Chief Judge Moore's first pandemic Administrative Order 2020-18 and also made its own explicit ends-of-justice finding.

Moreover, the record is clear that in Dunn's case the parties sought, and the magistrate judges granted, periodic continuances of his specific arraignment because Chief Judge Moore had continued grand jury sessions to protect public health and reduce the exposure to, and spread of, COVID-19 through large public gatherings. Indeed, three of the four magistrate judge orders continuing Dunn's arraignment due to the unavailability of a grand jury (March 31, 2020, July 6, 2020, and October 20, 2020) also included an explicit finding that the ends of justice served by the continuance outweighed the interests of Dunn and the public in a speedy trial. One order (May 20, 2020) did expressly refer to Chief Judge Moore's then-latest Administrative Order 2020-24 continuing grand jury sessions due to the pandemic, which had made an express ends-of-justice finding, and that May 20, 2020, order in effect incorporated that ends-of-justice finding into Dunn's specific case.

The fact that all grand jury sessions in the Southern District were temporarily continued due to the COVID-19 pandemic provided sufficient justification to continue temporarily Dunn's arraignment. And, under the COVID-19 pandemic circumstances, the magistrate judges were not required to make more case-specific, ends-of-justice findings, beyond the COVID-19 pandemic-

related one, in order to comply with § 3161(h)(7)(A) and exclude the time from Dunn's speedy trial clock. That is especially so here, where the administrative orders stated that grand juries were not able to meet because of health and safety concerns stemming from the pandemic, and that was the reason why Dunn was not indicted.

Dunn also contends the magistrate judge's orders did not provide indicia that the § 3161(h)(7)(B)'s factors were considered. But the Speedy Trial Act requires the court to put on the record only "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) While the Speedy Trial Act also requires a court to "consider" § 3161(h)(7)(B)'s factors before granting an ends-of-justice continuance, it does not require the district court to do so on the record. *See* 18 U.S.C. § 3161(h)(7)(B). It is not necessary for the court to incant specific phrases from the Speedy Trial Act or to consider each of the statutory factors on the record so long as the court provides sufficient justification for granting the ends-of-justice continuance. *See Orozco-Barron*, 72 F.4th at 956-57.

Moreover, the district court is not limited to considering the statutory factors. *See id*. § 3161(h)(7)(B) (providing that a judge shall consider the statutory factors "among others"). In a public health emergency affecting court operations such as the COVID-19 pandemic, a court properly considers the health and safety of the public, court personnel, the parties, and counsel.

Here, as to the magistrate judge's first March 16 pandemic continuance, the government's motion stated that due to the unforeseen nature of the pandemic, prosecutors could not prepare properly for the grand jury or even guarantee a quorum to convene a grand jury by Dunn's March 24 arraignment. The magistrate judge's order further stated that the continuance was necessary to ensure that Dunn, who was incarcerated, could meaningfully consult with his counsel given the pandemic. These on-the-record reasons for the ends-of-justice continuance implicate two statutory factors—whether the failure to grant the continuance (1) would likely "result in a miscarriage of justice" or (2) "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See id.* § 3161(h)(7)(B)(i), (iv). And, as we already explained, the magistrate judge was not required to expressly consider each statutory factor in its order or recite specific language from the statute. After all, not every statutory factor will be relevant to the circumstances warranting the continuance. Instead, it is sufficient if the record shows, as it does here, that the magistrate judge considered the pertinent factors.

As to the remaining continuances in Dunn's case, each was sought and granted because Chief Judge Moore's pandemic-related Administrative Orders temporarily continued grand jury sessions. Those Administrative Orders, in turn, explicitly cited 18 U.S.C. § 3161(h)(7)(B)(iii), the most salient statutory factor under the circumstances—whether "in a case in which arrest precedes

indictment," such as in Dunn's case, the "delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)." *See id.* § 3161(h)(7)(B)(iii). Reading the five magistrate judges' orders in Dunn's specific case in the context of the record and the Administrative Orders, we conclude § 3161(h)(7)'s requirements to consider the statutory factors and make an ends-of-justice finding on the record were satisfied with respect to the continuances in Dunn's case.

## C. District Court's Order

As an alternative and independent ground, we also take time to point out that the district court's comprehensive order—denying Dunn's motion to dismiss his indictment—was alone sufficient to toll the speedy trial clock. *See Zedner*, 547 U.S. at 506-07 (providing that, while the best practice is to make contemporaneous ends-of-justice findings, a district court may put its ends-of-justice findings on the record at the latest when it "rules on a defendant's motion to dismiss under § 3162(a)(2)"); *Ammar*, 842 F.3d at 1207 ("[W]e look to see whether the district court considered the relevant factors and placed its ends-of-justice findings on the record . . . at the latest, by the time it ruled on [the defendant's] motion to dismiss for a speedy trial violation.").

The district court's excellent order explained in detail why public health concerns due to the COVID-19 pandemic made it necessary for Chief Judge Moore to continue grand jury sessions in the Southern District and therefore for the magistrate judges to

continue Dunn's arraignment.  The district court found that "the Covid-19 pandemic made the process of empaneling juries (whether grand or petit)" not just unfeasible but also "dangerous," and made it difficult for defense counsel to meet with clients held in jails that were locked down.  The district court expressly agreed with the magistrate judges' contemporaneous findings that the ends of justice served by the continuances during the deadly pandemic outweighed the best interests of the public and Dunn in a speedy trial.  We readily conclude that the district court's order denying Dunn's motion to dismiss the indictment more than satisfied § 3161(h)(7)'s requirements to consider the statutory factors and to make an ends-of-justice finding on the record.

## IV.  CONCLUSION

Because the government filed Dunn's indictment within the Speedy Trial Act's thirty-day time limit in 18 U.S.C. § 3161(b), the district court properly denied Dunn's motion to dismiss the indictment.  Accordingly, we affirm Dunn's convictions.

**AFFIRMED**.