**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1375
_____

UNITED STATES OF AMERICA

v.

ALICE CHU,
                 Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-19-cr-000678-001)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
January 29, 2024
_____

Before: KRAUSE, PORTER, and CHUNG, <u>Circuit Judges</u>

(Filed March 19, 2024)


Nancy Tang

1694 E 2nd Street
Brooklyn, NY 11223

Counsel for Appellant

William Glaser, Esq.
United States Department of Justice
Criminal Division
950 Pennsylvania Avenue NW, Room 1264
Washington, DC 20530

Jeremy R. Sanders, Esq.
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Bond Building, 4th Floor
Washington, DC 20005

Counsel for Appellee

———————

OPINION OF THE COURT
———————

CHUNG, Circuit Judge.

I. Background

Alice Chu was indicted in September 2019. At her first status conference on March 5, 2020, her trial was set with the consent of both parties for February 22, 2021. The COVID-19 pandemic began soon after that status conference and in

response, the Chief Judge of the District of New Jersey issued multiple standing orders from March 16, 2020 to December 29, 2021 ("COVID Standing Orders"). In these orders, the Chief Judge continued trials and excluded from Speedy Trial Act ("STA") calculations the periods of delay resulting from these continuances ("COVID delays"). Chu's trial eventually commenced on March 1, 2022 and the jury convicted her of one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and five counts of health care fraud in violation of 18 U.S.C. § 1347.[1]

From January to December 2021, Chu moved to dismiss multiple times on STA grounds.[2] In those motions, she faulted the District Court's exclusions of trial delays from STA calculations, argued that the delays denied her right to a speedy trial under the Sixth Amendment, and alleged that the government abused the grand jury process and caused inexcusable delay. The District Court denied these motions.

Following her conviction, Chu filed two motions for a new trial: the first claiming that she was unfairly prejudiced by trial testimony about prior bad acts, and the second claiming that newly discovered evidence could change the probability of a conviction at trial and claiming that trial counsel's assistance was ineffective. The District Court denied both.

---

[1] The jury acquitted her of receiving health care kickbacks.

[2] Chu sought dismissal with prejudice, except on one occasion, on which she stated that the "remedy is dismissal either with or without prejudice in the discretion of the Court." Appx. 46.

3

Chu challenges these District Court decisions and also argues that the evidence at trial was insufficient to establish her knowing and intentional participation in the health care fraud scheme. We will affirm.

II. Analysis[3]

A. Chu's Motions to Dismiss

1. Exclusion of the COVID Delays from STA Calculations

The STA requires that a criminal trial start within 70 days of a defendant's first appearance in court unless the "speedy trial clock" is properly stopped. 18 U.S.C. § 3161(c)(1). Section 3161(h) enumerates excusable periods of delay, including when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Our sister Courts of Appeals have consistently held that exclusions resulting from the COVID-19 pandemic do not violate defendants' rights under the STA.[4] We agree.

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over "all final decisions of the district courts of the United States." 28 U.S.C. § 1291.

[4] See United States v. Walker, 68 F.4th 1227 (9th Cir. 2023); United States v. Pair, 84 F.4th 577 (4th Cir. 2023); United States v. Allen, 86 F.4th 295 (6th Cir. 2023); United States v. Dunn, 83 F.4th 1305 (11th Cir. 2023); United States v. Leveke, 38 F.4th 662 (8th Cir. 2022). These Courts have

Chu argues on appeal that no delay was justifiable "after perhaps January of 2021, or certainly not later than June of 2021." Appellant's Br. 21-22. We interpret this as disputing two time periods resulting from the COVID delays: 1) the period from Chu's original trial date of February 22, 2021 to the second trial date of October 12, 2021; and 2) the period from January 12, 2022 to February 28, 2022.[5] All other time periods were excluded at Chu's request or because the parties agreed to the scheduled trial dates.

In denying Chu's motions, the District Court adopted facts that were cited and relied upon in the COVID Standing Orders, including the declarations of public health emergencies by the state and federal government, health officials' guidance on the need to limit indoor gatherings, the risks of severe illness to potential jurors, COVID illness and death rates, and the dramatic spike in COVID cases due to the Omicron variant. Chu argued that the District Court failed to consider the individual circumstances of her case as required by the STA. The District Court addressed these concerns, however, and concluded that the COVID Standing Orders' broad application

also found that such delays do not violate the Sixth Amendment.

[5]  Chu's trial was originally scheduled for February 22, 2021 with both parties' consent. The period from October 12, 2021 to January 12, 2022 was a result of Chu's own request to continue trial. Although the period from July 23, 2021 to October 12, 2021 should arguably be excluded under the STA as trial preparation time, we will nonetheless address Chu's position that this time period was improperly excluded as part of the COVID delays.

did not foreclose the applicability of their findings to Chu individually. We see no clear error in the District Court's adoption of the factual findings contained within the COVID Standing Orders. See United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) (We will find clear error when reviewing the entire evidence if we are "left with the definite and firm conviction that a mistake has been committed." (citation omitted)).

When conducting its ends-of-justice analysis, the District Court considered Chu's argument that it should not exclude the COVID delays in light of events such as the lifting of mask mandates, the availability of vaccination, the option of commencing single jury trials, and the opening of stadiums, and her claim that the delay caused her severe mental health distress. In evaluating Chu's position, the District Court noted that imposing jury duty, and any corresponding COVID risks, on the public was qualitatively different than members of the public independently choosing to assume risk and engage in entertainment activities. The District Court further noted that, even if it did hold trials, any COVID infection of a juror, witness, Chu, or court staff would cause significant interruption to the judicial process. Finally, the District Court also considered Chu's anxiety, the fact that she was not detained and thus did not face the increased risk posed by COVID-19 in a carceral setting, and that she was charged with serious offenses.

The District Court then balanced the public and Chu's interest in a speedy trial with the ends of justice served by recognizing the District Court's inability to safely or effectively conduct trials during a rampant and deadly global pandemic. The District Court concluded the balance weighed

6

in favor of excluding the COVID delays.  Given this record of the District Court's factual findings and legal analysis, we conclude its decisions to exclude the COVID delays were not "arbitrary, fanciful or clearly unreasonable," and therefore, not an abuse of discretion.  United States v. Frazier, 469 F.3d 85, 87-88 (3d Cir. 2006) (citation omitted); see also United States v. Adams, 36 F.4th 137, 146 (3d Cir. 2022), cert. denied, 143 S. Ct. 238 (2022).

### 2. Chu's Sixth Amendment Claim

The District Court rejected Chu's claim that the COVID delays violated her constitutional right to a speedy trial under the Sixth Amendment.  We review the District Court's factual findings for clear error and legal conclusions de novo.  United States v. Shulick, 18 F.4th 91, 102 (3d Cir. 2021).  We assess constitutional speedy trial claims under the four-prong test laid out in Barker v. Wingo, 407 U.S. 514, 530-31 (1972),[6] and agree that Chu fails at the fourth factor because she is unable to show prejudice.

Barker identified the "most serious" interest in determining prejudice as the defendant's ability to "adequately … prepare his case," which may be affected when "witnesses

---

[6] These four prongs are "(1) the length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant."  United States v. Velazquez, 749 F.3d 161, 174 (3d Cir. 2014) (citing Baker, 407 U.S. at 530-31).

7

die or disappear during a delay" or when "defense witnesses are unable to recall accurately [past] events." Id. at 532. Here, Chu did not argue nor provide evidence that the delay impaired her ability to prepare a defense, and only asserted claims of emotional distress. Chu's desire to minimize the stress she felt from delays in her trial, while understandable, is simply not sufficient on its own to establish prejudice. See Virgin Islands v. Pemberton, 813 F.2d 626, 629 (3d Cir. 1987). Therefore, the District Court correctly concluded that the Barker factors do not warrant a dismissal based on Chu's Sixth Amendment speedy trial claim.

### 3. Grand Jury Delay

Chu also argues that the government abused the grand jury process, causing inexcusable delay.[7] On a claim of grand jury abuse, we exercise "plenary review over the District Court's interpretation and application of the relevant legal standards." In re Grand Jury, 286 F.3d 153, 157 (3d Cir. 2002).

Grand jury proceedings are entitled to a presumption of lawfulness and regularity. In re Grand Jury Proc., 486 F.2d 85, 92 (3d Cir. 1973). Chu presented no facts to rebut this presumption. Chu primarily focused her argument on the

---

[7] In an effort to accommodate Chu's requests, the District Court rescheduled the trial from October 12, 2021, to the earlier date of August 3, 2021. The District Court then had to postpone trial again to October 12, 2021, upon learning of the government's intent to present the Superseding Indictment. Chu does not specify the time periods she claims to be caused by government's grand jury abuse. Because we find no abuse, the exact dates do not matter.

8

timing of the presentation of the Superseding Indictment "just weeks before a trial date that had been set nearly two years from the date of the defendant's arrest." Appellant's Br. 22. Late timing alone is not sufficient to find grand jury abuse. See United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006). Furthermore, even if late timing on its own were sufficient, Chu's assertion is factually inaccurate and does not suggest a "last minute" attempt to deny Chu's right to a speedy trial.[8] Finally, the District Court asked the government to explain the basis of the Superseding Indictment and carefully reviewed the proposed substantive changes, which included an increase in the total amount of false claims submitted and new counts in connection with new claims of fraud and receipt of healthcare kickbacks. We agree with the District Court's conclusion that such changes were consistent with a good faith investigation and that Chu failed to show that the government's "sole or dominant purpose" was to impermissibly delay her trial. In re Grand Jury Proc., 632 F.2d 1033, 1041 (3d Cir. 1980). The District Court thus correctly rejected this argument.

B. Chu's Motions for a New Trial

We review the District Court's denial of Chu's motions for a new trial for abuse of discretion. Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007). Chu's first motion for a new trial asserted that the District Court erred in admitting evidence of uncharged prior bad acts, as the government failed to notify

---

[8] On June 16, 2021, four months before Chu's then-trial date of October 12, 2021, the government scheduled time for a superseding indictment to be presented to the grand jury on July 23, 2021. This would have provided more than 11 weeks for preparation between presentment and trial.

9

Chu pursuant to Federal Rule of Evidence 404(b) of its intent to offer such evidence. But Count One of the Superseding Indictment alleged that Chu and co-conspirator Rosa Calvanico "submitted and caused the submission of false and fraudulent claims … for items and services that were … not provided." Appx. 32. Therefore, the District Court reasonably concluded that Calvanico's testimony was direct evidence of Count One when she testified that Chu directed her to submit claims for Chu's administration of knee injections to her, even though such services were never provided.

Chu also claimed she was entitled to a new trial because newly discovered evidence would seriously undermine the credibility of Calvanico, a key government witness, and would likely affect the outcome of trial if admitted.[9] Specifically, Chu claimed that Calvanico committed payroll fraud at Chu's practice without Chu's knowledge. Chu also claimed she had new evidence that Calvanico provided deposition testimony in other matters in which Calvanico denied that she had ever

---

[9] To determine whether a new trial based on newly discovered evidence is warranted, "courts apply the following five-part test: (a) the evidence must be[,] in fact, newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) evidence relied on[ ] must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002) (alterations in original) (quoting United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976)).

falsified medical records or agreed to solicit illegal kickbacks. Chu claimed that this testimony was inconsistent with Calvanico's trial testimony here, thereby directly challenging Calvanico's credibility and casting doubt on the government's case.

The District Court rejected Chu's motion because Chu had access to the payroll records at least five months before trial, when the government produced to Chu the wage report as a trial exhibit. The District Court concluded that the payroll fraud evidence was therefore not "newly discovered," as it was "known or could have been known by the diligence of" Chu or her counsel. United States v. Bujese, 371 F.2d 120, 125 (3d Cir. 1967). In light of the government's disclosure, the District Court properly exercised its discretion in concluding the evidence was not newly discovered.

The District Court also concluded that Calvanico's deposition testimony from another matter was merely impeaching. Moreover, the District Court reviewed "the substantial additional evidence admitted at trial [that] both corroborated Calvanico's testimony and provided independent proof to support Defendant's health care fraud convictions" and concluded that, in light of such evidence, the impeachment material would be unlikely to affect the outcome of a new trial. Appx. 1341. The District Court's review of this claim and the evidence against Chu, again, provides no basis to find an abuse of discretion.

Finally, Chu also raised an ineffective-assistance-of-counsel argument in her motion for a new trial, claiming that her trial counsel failed to engage in plea negotiations, conduct pre-trial investigation, or advise Chu regarding the likelihood

11

of losing at trial. The District Court noted the untimeliness of raising this argument as a basis for a new trial and explained that the Third Circuit strongly prefers to review ineffective-assistance-of-counsel claims in collateral proceedings. This was a reasonable basis to deny Chu's motion, the District Court acted within its discretion, and Chu may raise such a claim later pursuant to 28 U.S.C. § 2255.

C. Chu's Legal Sufficiency Challenge

Chu argues that the trial evidence was insufficient to prove Chu's knowledge and intent to commit health care fraud. This issue is unpreserved and we review for plain error. United States v. Barel, 939 F.2d 26, 37 (3d Cir. 1991). In the context of the legal sufficiency of evidence, we ask "whether the government's method of proving the [crime] … resulted in a fundamental miscarriage of justice." Id. Chu fails to meet her burden. The evidence at trial included testimony by both Calvanico and Wilson Pinargote, another employee at Chu's practice, that Chu instructed them to submit fraudulent claims because she was short of money; that Chu asked Pinargote not to show anyone else the spreadsheet tracking drugs ordered and claims filed; and that Chu did not stop her fraudulent billing practices even though Pinargote expressed his concern that they were illegal. Though Chu recites mitigating evidence that she feels the jury should have weighed differently, this falls short of meeting her high burden, especially in light of the ample evidence of her knowledge and intent.

III. Conclusion

For the foregoing reasons, we will affirm the District Court's orders and judgment.

12